The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

Opinion Number:

Filing Date: July 13, 2026

**NO. S-1-SC-40404**

**STATE OF NEW MEXICO,**

Plaintiff-Respondent,

v.

**CARLOS MIGUEL MENDEZ,**

Defendant-Petitioner.

**ORIGINAL PROCEEDING ON CERTIORARI**
**Steven Blankinship, District Judge**

Law Office of the Public Defender
Bennett J. Baur, Chief Public Defender
Kimberly M. Chavez Cook, Appellate Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Petitioner

Raúl Torrez, Attorney General
Santa Fe, NM
Michael J. Thomas, Assistant Solicitor General
Albuquerque, NM

for Respondent

**OPINION**

**VARGAS, Chief Justice.**

{1}    The New Mexico Constitution provides criminal defendants the right of trial by an impartial jury—"a jury where each and every one of the twelve members constituting the jury is totally free from any partiality whatsoever." N.M. Const. art. II, § 14; *see also State v. McFall*, 1960-NMSC-084, ¶ 6, 67 N.M. 260, 354 P.2d 547. To safeguard this right we have held that "[a] prospective juror who cannot be impartial should be excused for cause." *Fuson v. State*, 1987-NMSC-034, ¶ 5, 105 N.M. 632, 735 P.2d 1138. Here, we review whether the district court abused its discretion by denying Defendant's motion to strike a prospective juror (Juror 6) for cause based on his actual bias in favor of law enforcement.

{2}    We conclude that Defendant preserved the issue by moving to strike Juror 6 for cause and that Juror 6's statements, viewed in their totality, demonstrate actual bias that would have affected the juror's vote. Furthermore, Defendant was prejudiced by the district court's denial of his motion to strike Juror 6 because Defendant was compelled to use a peremptory challenge on a juror who should have been removed for cause and then exhausted his remaining challenges before the selection of jurors was complete. We therefore reverse Defendant's conviction and remand the matter to the district court for a new trial.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. The Underlying Incident

{3} On October 18, 2020, a Tularosa police officer observed Defendant, Carlos Miguel Mendez, in a truck that was parked at a stop sign with the engine idling. Defendant, the sole occupant of the truck, was asleep in the driver's seat. The officer woke Defendant and, upon Defendant's exiting from the truck and during the ensuing interaction, the officer detected the odor of alcohol as Defendant spoke. Defendant showed signs of intoxication and admitted to having one drink. Defendant declined to participate in standard field sobriety tests and was arrested and taken to the police station for a breathalyzer test. At the station, Defendant submitted to breathalyzer testing that reported Defendant's blood alcohol concentrations (BACs) of .24 and .22. Defendant was charged with aggravated DWI (corresponding to a BAC of .16 or above). *See* NMSA 1978, § 66-8-102(D)(l) (2016).

### B. District Court Proceedings

{4} During voir dire, before facts of the case were disclosed to the jury, defense counsel asked the members of the venire:

> If [the State] gets up and puts on a whole slew of evidence today, are you saying that you believe that some of that evidence is, it has to be credible or else [Defendant] wouldn't be here? Or are you going to weigh that evidence as it's presented to you?

As defense counsel questioned the room, several jurors responded that they would "weigh the evidence as presented," and that "it's up to [the jurors] to make a decision," about Defendant's guilt and confirmed Defendant's charges would not weigh on their final decision.

{5}     Juror 6, however, made a set of statements to the contrary. When approached, Juror 6 stated, "I'm disagreeing with everybody else. They obviously had reason to pull [Defendant] over. We would not be here if they didn't have enough evidence [to prove him guilty]." Defense counsel asked Juror 6 whether "at this point [he] assume[d] that [Defendant] has done something." Juror 6 responded, "Yes." Defense counsel then asked, "Is that something that's going to . . .weigh on you in the final deliberation?" Juror 6 again responded, "Yes."

{6}     Juror 6 made a second set of statements in response to defense counsel asking if anyone "thinks that if law enforcement and another witness had a conflicting story, you would believe law enforcement over someone else because of their training or their experience." Juror 6 responded, "Yes, I agree." Defense counsel again asked whether Juror 6 "would give law enforcement testimony more weight than someone else," and Juror 6 again responded, "Yes."

{7}     After voir dire, Defendant moved to remove Juror 6 for cause, expressly pointing to Juror 6's second statements that he would give more weight to law

enforcement testimony. The State responded that Juror 6's statement was in the context of giving credence to the officer's training and experience and did not rise to the level justifying an excusal for cause. The district court agreed with the State and denied Defendant's request. Defendant then used a peremptory challenge to remove Juror 6 and subsequently used all of his peremptory challenges before the full panel of jurors was completed.

{8}     The trial was simple and had only two witnesses: the arresting officer and the operator of the breathalyzer. The jury found Defendant guilty of aggravated DWI. Defendant appealed his conviction.

**C.     Court of Appeals Review**

{9}     Defendant argued before the Court of Appeals that Juror 6 should have been struck for cause based on the right to both an impartial jury and a remedy of excusal for cause identified previously herein. Defendant argued that these statements, in totality, reflect Juror 6's bias in favor of law enforcement and indicate he was unwilling to presume Defendant was innocent before any evidence was presented.

{10}    Before considering Defendant's bias argument, the Court of Appeals concluded Defendant had not preserved his arguments related to Juror 6's first set of statements that law enforcement had enough evidence to prove him guilty and that Defendant must have done something. *State v. Mendez*, A-1-CA-41075, mem. op.

¶¶ 21 & n.1, 22 (N.M. Ct. App. Apr. 23, 2024) (nonprecedential). In declining to consider all of Juror 6's statements, the Court of Appeals reasoned that Defendant's appellate argument was "materially different from the argument that he made to the district court," *id.* ¶ 21, and that the district court did not have an "opportunity to rule on whether these statements constituted actual bias," *id.* ¶ 22. Then, looking solely at Juror 6's second set of statements confirming he gave more weight to law enforcement testimony than someone else, the Court of Appeals held that "Defendant ha[d] not carried his burden of establishing that the district court's refusal to disqualify Juror 6 amounted to an abuse of discretion." *Id.* ¶ 24. The Court of Appeals, therefore, affirmed Defendant's conviction but vacated and remanded his case for resentencing based on other grounds. *Id.* ¶ 28.

## II.    DISCUSSION

{11}    Defendant first argues the Court of Appeals erred in concluding that Juror 6's first set of statements, suggesting law enforcement had enough evidence to prove Defendant guilty and Defendant must have done something, were unpreserved for appellate review. Defendant then asks this Court to review Juror 6's statements, in their totality, to determine whether he was actually biased and, if he was, whether Defendant suffered prejudice when the district court denied his motion to strike Juror 6.

{12} In stating that "the Court [of Appeals] *correctly* observed that Defendant's argument in district court was that Juror 6 should be stricken because he would give more weight to law enforcement" (emphasis added), the State acknowledges that Defendant preserved his argument that Juror 6 was actually biased. However, the State reiterates the Court of Appeals' conclusion that the first set of statements are unpreserved because they were not mentioned in Defendant's motion to strike Juror 6 before the district court. The State contends that this Court must "properly decline[] to" consider these statements when assessing the merits of Defendant's argument. The State further argues that even if Juror 6's statements are viewed in totality, the district court did not abuse its discretion by refusing to strike Juror 6 for cause and Defendant was not prejudiced by the district court's denial of his motion. Finally, the State asks this Court to overrule what it describes as *Fuson*'s "irrebuttable presumption of prejudice" that arises when a party "use[s] preemptory challenges on persons who should be excused for cause, and exercises all of their preemptory challenges before the venire is complete." *Fuson*, 1987-NMSC-034, ¶ 11.

**A.      Preservation**

{13}    To preserve a question for appellate review, a district court's ruling or decision on the question must be "'fairly invoked.'" *State v. Jason F.*, 1998-NMSC-

010, ¶ 9, 125 N.M. 111, 957 P.2d 1145 (quoting Rule 12-321(A) NMRA). The primary purposes of the preservation requirement are "(1) to alert the trial court to a claim of error so that it has an opportunity to correct any mistake, and (2) to give the opposing party a fair opportunity to respond and show why the court should rule against the objector." *State v. Gomez*, 1997-NMSC-006, ¶ 29, 122 N.M. 777, 932 P.2d 1.

{14} A general "objection that does not state the grounds for the objection preserves no issue for appeal." *State v. Baca*, 1997-NMSC-045, ¶ 13, 124 N.M. 55, 946 P.2d 1066, *overruled on other grounds by State v. Belanger*, 2009-NMSC-025, ¶ 36, 146 N.M. 357, 210 P.3d 783. However, appellate courts "do not apply the preservation requirement in an 'unduly technical manner.'" *Chavez v. Baca* (*In re Estate of Baca*), 1999-NMCA-082, ¶ 15, 127 N.M. 535, 984 P.2d 782 (citation omitted). Thus, the objection need not be so specific if the ground is apparent from the context. *See id.*

{15} Defendant argues that the Court of Appeals employed a hypertechnical preservation analysis by improperly limiting its review to the specific statements Defendant identified before the district court and not the broader argument that Juror 6 displayed actual bias in favor of law enforcement. Defendant, citing *State v. Holtsoi*, contends that precedent does not require trial counsel to list every troubling comment by a challenged juror to preserve the argument of bias for appellate review.

2024-NMCA-042, ¶ 11, 547 P.3d 770 ("When a potential juror makes a statement during voir dire . . . that either directly or impliedly calls into question [the juror's] ability to faithfully serve on the jury, a prior or subsequent unequivocal statement indicating [the juror's] ability to remain fair and impartial is generally sufficient to uphold the trial court's exercise of discretion to deny motions to strike for cause.") Rather, Defendant claims that moving to strike Juror 6 for cause and articulating the cause—thus giving the State an opportunity to respond—was sufficient to preserve the argument for appellate review. Moreover, Defendant claims it would be impractical to require trial counsel, who may not have a transcript of voir dire when moving to strike a juror for cause, to specifically mention every statement that might support the motion.

{16}    The State responds by reiterating the Court of Appeals' conclusion that Defendant's argument on appeal is "'materially different'" than the one he raised in the district court and that the first set of statements by Juror 6 were not mentioned in his motion to strike. Therefore, according to the State, the first set of statements are not preserved and this Court should not consider the statements when assessing Defendant's actual bias argument.

{17}    While true that Defendant points to additional statements made by Juror 6 to support his argument of actual bias, we conclude that his appellate argument is not

"'materially different'" from his argument before the district court. At trial, Defendant moved to strike Juror 6 because he "would give more weight to law enforcement testimony than the testimony of another." Defendant's motion can be fairly construed as an argument that Juror 6 was biased in favor of law enforcement. On appeal, Defendant continues to maintain that Juror 6 was biased in favor of law enforcement but claims Juror 6's first set of statements further support his claim. So, while Defendant's motion did not specifically mention Juror 6's first set of statements, it effectively informed the district court of his theory that Juror 6 could not fairly evaluate the charges against him because of his actual bias favoring law enforcement. Defendant's motion was sufficient to alert the district court as to the basis for Juror 6's actual bias. *See State v. Harrison*, 2000-NMSC-022, ¶ 27, 129 N.M. 328, 7 P.3d 478 ("Defendant, in order to preserve an argument for appeal, must alert the trial court as to which theory is at issue in order to allow the trial court to rule on the objection."); *State v. Lucero*, 1993-NMSC-064, ¶ 11, 116 N.M. 450, 863 P.2d 1071 ("It is also trial counsel's duty to state the objections so that the trial court may rule intelligently on them and so that an appellate court does not have to guess at what was and what was not an issue at trial."). Accordingly, we will review all of Juror 6's statements to assess whether Defendant established Juror 6's actual bias.

**B.      Actual Bias**

{18}     "We review the trial court's rulings regarding the selection of jurors for an abuse of discretion because the trial court is in the best position to assess a juror's state of mind, based upon the juror's demeanor and credibility." *State v. Johnson*, 2010-NMSC-016, ¶ 31, 148 N.M. 50, 229 P.3d 523 (brackets, internal quotation marks and citation omitted). "An abuse of discretion exists when the trial court acted in an obviously erroneous, arbitrary, or unwarranted manner." *Id.* (internal quotation marks and citation omitted). While district courts maintain "a great deal of discretion in dismissing a juror for cause," *State v. Wiberg*, 1988-NMCA-022, ¶ 21, 107 N.M. 152, 754 P.2d 529, it is an abuse of such discretion to fail "to excuse a juror who could not be impartial," *Johnson*, 2010-NMSC-016, ¶ 31.

{19}     "The challenging party bears the burden of proving juror bias." *Id.* In evaluating a party's challenge, we start with the presumption that all potential jurors are capable of impartiality "so long as the jurors can conscientiously and properly carry out their sworn duty to apply the law to the facts of a particular case." *State v. Romero*, 2023-NMSC-014, ¶ 7, 533 P.3d 735 (internal quotation marks and citation omitted). Partiality by a prospective juror which requires them to be excused for cause is established by showing actual or implied bias. *Id.* ¶¶ 8-9. Actual bias, at issue here, is "the existence of a state of mind that leads to an inference that the

person will not act with entire impartiality." *Id.* ¶ 9 (internal quotation marks and citation omitted). A prospective juror demonstrates actual bias in one of two ways. First, a prospective juror demonstrates actual bias "by an unequivocal statement . . . that he or she cannot be fair and impartial." *Id.* ¶ 10. Additionally, actual bias is inferred when a juror's responses call into question the juror's ability "to decide the matter objectively." *Id.* ¶ 11 (internal quotation marks and citation omitted). But, even if a prospective juror makes a statement that calls into question the prospective juror's ability to decide the matter objectively, a prior or subsequent statement indicating the prospective juror's ability to remain fair and impartial is generally sufficient to uphold the trial court's denial of a motion to strike for cause. *See, e.g.*, *Johnson*, 2010-NMSC-016, ¶ 32 (holding that the trial court did not abuse its discretion in refusing to strike two potential jurors for cause after they expressed concern about bias but also stated that they would be able to be fair and impartial and follow the instructions of the judge if selected); *see also Romero*, 2023-NMSC-014, ¶ 18 (noting the prospective juror at issue "stated at least five different times during voir dire that he was willing and able to serve fairly and impartially").

{20}    Defendant argues that Juror 6 should have been excused for cause based on the two sets of statements he made during voir dire which he contends establish actual bias in favor of law enforcement to the extent that it undermined Defendant's

right to a presumption of innocence. Defendant claims that Juror 6's statements that law enforcement had "'enough evidence'" to prove him guilty and that Defendant must have done "something" indicated early on that Juror 6 was biased in favor of law enforcement. Defendant points to Juror 6's statement that his belief "would weigh on him during deliberations" as confirmation of his actual bias. Defendant argues that Juror 6's bias was further cemented by his statements "that he would give law enforcement testimony more weight than other witnesses."

{21} The State responds that Defendant is taking Juror 6's first set of statements out of context. It contends that jurors at that stage of voir dire were not discussing Defendant's innocence or guilt, but rather their reasonable belief that Defendant was the subject of a traffic stop. In that context, the State claims that Juror 6's statement is consistent with the common sense idea that a person likely did something, even if later proved lawful, to draw the officer's attention and cause a traffic stop. The State further argues that Juror 6's second statements, standing alone, do not show sufficient bias to excuse him for cause because Juror 6 only agreed that he would give law enforcement testimony more weight if there was conflicting testimony, and conflicting testimony was not presented at trial. The State maintains that Defendant failed to establish actual bias because Juror 6 did not state that he would disregard the evidence presented at trial or that he could not be fair and impartial.

{22} A prospective juror's "bias in favor of law enforcement officials [is] inappropriate." *United States v. Lancaster*, 96 F.3d 734, 743 (4th Cir. 1996). While "[a prospective] juror's generally favorable impression of law enforcement does not necessarily amount to bias," *United States v. Umaña*, 750 F.3d 320, 342 (4th Cir. 2014), when it rises to the level of interfering with a prospective juror's ability to remain fair and impartial, the juror must be dismissed, *see Romero*, 2023-NMSC-014, ¶ 15.

{23} Here, Juror 6's statements went beyond expressing a favorable impression of law enforcement and demonstrated that his bias in favor of law enforcement would undermine the presumption of innocence to the extent that it "would actually affect the juror's vote." *Id.* ¶ 9. Juror 6's first statements made it clear that he did not presume Defendant was innocent and instead believed—based on his favorable view of law enforcement—Defendant would not be charged with a crime unless there was enough evidence to prove him guilty. While the State contends that Juror 6's statements are being viewed out of context, the record does not support its characterization. Viewed in context, Juror 6's first set of statements were made in response to other jurors who stated they would weigh the evidence as presented. Juror 6 stated, "*I'm disagreeing with everybody else. . . .* We would not be here if

[law enforcement] didn't have enough evidence [to prove Defendant guilty]" (emphasis added).

{24} These statements reflect more than a commonplace assumption that a driver likely did something to prompt a traffic stop. Rather, Juror 6's disagreement with other jurors and statements about law enforcement and the evidence it had raise doubts about his ability to decide the matter objectively. *See State v. Anderson*, 2019 MT 190, ¶ 18, 397 Mont. 1, 446 P.3d 1134 ("We have rejected jurors whose biased preconceptions were determined to be fixed opinions about the guilt of the defendant, which could not be laid aside."). His statements cut against the foundational principle that "every man is presumed to be innocent of the offense of which he is charged," *Territory v. Lucero*, 1896-NMSC-017, ¶ 7, 8 N.M. 543, 46 P. 18 (internal quotation marks and citation omitted), a "presumption [that must] remain[] with [the defendant] until his guilt is established by the evidence beyond a reasonable doubt," *State v. Henderson*, 1970-NMCA-022, ¶ 12, 81 N.M. 270, 466 P.2d 116. *See also Coffin v. United States*, 156 U.S. 432, 453 (1895) ("The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law.").

{25}    Even more troubling, Juror 6 confirmed that his bias would weigh on him during deliberation. This indicates his bias was not merely theoretical. In this context, Juror 6's admission that he would give greater weight to law enforcement testimony, based on an officer's training and experience, demonstrates how his bias would affect his evaluation of the evidence presented. Juror 6 was never asked, nor did he state that he could put his assumptions aside and remain impartial. *Cf. Johnson*, 2010-NMSC-016, ¶ 32. In simple terms, Juror 6's statements, absent rehabilitation, reveal that his bias would impact his vote, "prov[ing] actual bias." *Romero*, 2023-NMSC-014, ¶ 9.

{26}    We conclude that Juror 6's actual bias in favor of law enforcement can be inferred from his statements that "bespeak[] a risk of partiality sufficiently significant to warrant granting the . . . excus[al of] the juror for cause." *Romero*, 2023-NMSC-014, ¶ 11; *see also McFall*, 1960-NMSC-084, ¶ 6 ("Accordingly, the jury which one charged with [a] crime is guaranteed, is one that does not favor one side more than another, treats all alike, is unbiased, equitable, fair and just."); *State v. Sims*, 1947-NMSC-071, ¶ 2, 51 N.M. 467, 188 P.2d 177 (holding that bias was established where a juror said he would decide "against the defendant" if the evidence were "that close"). The district court erred in denying Defendant's motion to strike Juror 6 for cause.

**C.      *Fuson* and the Right to Trial by an Impartial Jury**

{27}      Having concluded that the district court erred in denying Defendant's motion to strike Juror 6 for cause, we turn to the question of prejudice. Our courts have long followed the approach set out in *Fuson*, concluding, "prejudice is presumed where, as here, a party is compelled to use peremptory challenges on persons who should be excused for cause and that party exercises all of his or her peremptory challenges before the court completes the venire." 1987-NMSC-034, ¶ 11. In reaching this conclusion, the *Fuson* Court relied on the right to a trial by an impartial jury as guaranteed by Article II, Section 14 of the New Mexico Constitution, citing to *McFall*, 1960-NMSC-084, ¶ 5, which also relies on that provision in our state constitution.

{28}      *Fuson* also relied on a series of federal cases that generally held "'[t]he denial or impairment of the right [of peremptory challenge] is reversible error without a showing of prejudice.'" *See* 1987-NMSC-034, ¶¶ 7-8 (quoting *Swain v. Alabama*, 380 U.S. 202, 219 (1965), *overruled on other grounds by Batson v. Kentucky*, 476 U.S. 79 (1986)). However, as the State points out, these cases were later abrogated by the United States Supreme Court. In *Ross v. Oklahoma*, 487 U.S. 81, 88 (1988) the United States Supreme Court concluded, "[s]o long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve

that result does not mean the Sixth Amendment was violated." Twelve years later, in *United States v. Martinez-Salazar*, 528 U.S. 304, 317 (2000) the United States Supreme Court held, "a defendant's exercise of peremptory challenges . . . is not denied or impaired when the defendant chooses to use a peremptory challenge to remove a juror who should have been excused for cause."

{29}   Other than citation to the New Mexico Constitution and the now-abrogated federal cases, *Fuson* gave little explanation of where the right is derived and the manner in which it operates, leaving us with many questions and concerns, most relevant here, whether the presumption of prejudice it announces is rebuttable or not. *Fuson* boldly, if not offhandedly, announced that, in the case before it, the state had not rebutted the presumption of prejudice. In reaching this conclusion, it provided no analysis or other explanation of the requirements or timing of any such rebuttal.

{30}   Here, the State argues that the presumption is rebuttable, and in this instance, it was rebutted. The State contends that the dearth of evidence introduced at trial in support of Defendant's guilt renders harmless any error on the part of the district court to excuse Juror 6. We reject any attempt to employ a harmless error standard that relies on the weight of the evidence of the defendant's guilt to evaluate potential structural errors impacting the trial itself. *Compare State v. Tollardo*, 2012-NMSC-008, ¶¶ 25, 27, 275 P.3d 110 (applying a harmless error test to the erroneous

introduction of co-conspirators' convictions, in violation of the Sixth Amendment confrontation clause, to determine whether the evidence in question "could have influenced the jury"); *with Ross*, 487 U.S. at 88 ("So long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated." (internal quotation marks and citation omitted)). The harmless error analysis proposed by the State, focused on the weight of the evidence of the defendant's guilt, fails to address the wrong the Sixth Amendment was intended to address—the right to a trial by an impartial jury. It is illogical to employ a harmless error analysis hinged on evidence of guilt, when the review does not address the constitutional concern and we will not entertain it.

{31}     Alternatively, the State asks us to overrule *Fuson*. Before overturning precedent, however, stare decisis requires that we evaluate a number of factors, including:

> [(1)] whether the precedent is so unworkable as to be intolerable; [(2)] whether parties justifiably relied on the precedent so that reversing it would create an undue hardship; [(3)] whether the principles of law have developed to such an extent as to leave the old rule no more than a remnant of abandoned doctrine; and [(4)] whether the facts have changed in the interval from the old rule to reconsideration so as to have robbed the old rule of justification.

*State v. Pieri*, 2009-NMSC-019, ¶ 21, 146 N.M. 155, 207 P.3d 1132 (internal quotation marks and citation omitted).

{32} The State's arguments focus on the first and third of our stare decisis factors. The State first argues that the rule set out in *Fuson* is unworkable and intolerable because it too often has the practical effect of forcing retrial of a case. We disagree in light of the numerous requirements that must be met before a defendant is entitled to retrial. The *Fuson* rule applies only in the narrow circumstance where: (1) a defendant is able to establish that a member of the venire was biased, (2) there is insufficient rehabilitation by the state, (3) the district court erroneously denies a motion to strike the potential juror for cause, (4) the defendant uses a preemptory challenge on the potential juror, and, finally, (5) the defendant uses all their preemptory challenges before the venire is complete. 1987-NMSC-034, ¶¶ 5-11. *C.f. State v. Medema*, 2025-NMCA-011, ¶¶ 11-18, 584 P.3d 846 (concluding the defendant did not establish juror was biased); *Johnson*, 2010-NMSC-016, ¶ 32 (concluding juror confirmation that they could be fair and impartial cured potential bias); *State v. Duran*, S-1-SC-39978, dec. ¶ 9 (N.M. Feb. 27, 2025) (nonprecedential) (holding *Fuson* presumption of prejudice inapplicable when the defendant did not exhaust his peremptory challenges); *Holtsoi*, 2024-NMCA-042, ¶¶ 5-12 (reversing the defendant's conviction when juror stated he could not be fair,

no rehabilitating statements were elicited, and the defendant exhausted her peremptory challenges before the venire was complete). It is only upon the confluence of all five of these events that retrial is warranted. We cannot say that retrial under these rare circumstances is unworkable or intolerable.

{33}     The State next contends that *Fuson* is inconsistent with the development of federal law, including that set out in *Martinez-Salazar*, 528 U.S. at 317 (2000) (holding "a defendant's exercise of peremptory challenges . . . is not denied or impaired when the defendant chooses to use a peremptory challenge to remove a juror who should have been excused for cause"), making the presumption of prejudice a remnant of abandoned doctrine. The State's contention fails to acknowledge that both the United States Supreme Court and this Court have determined that prejudice, in the context of peremptory challenges, is a matter of state law. *See Rivera v. Illinois*, 556 U.S. 148, 152 (2009) ("Just as state law controls the existence and exercise of peremptory challenges, so state law determines the consequences of an erroneous denial of such a challenge."); *Johnson*, 2010-NMSC-016, ¶¶ 31-32 (citing the prejudice standard from *Fuson* as our approach and acknowledging that under *Rivera*, this is not a matter of federal constitutional concern). The current condition of our state law, as set out in *Fuson* identifies the right to a trial by an impartial jury as guaranteed by Article II, Section 14 of the New

Mexico Constitution, a provision that was not addressed in the State's request to overrule *Fuson*. As prejudice in the context of preemptory challenges is a matter of state law, we decline the State's request to overrule *Fuson* on this record absent a robust discussion that includes the scope of a defendant's rights under the New Mexico Constitution. We therefore apply *Fuson* here.

{34}    As we explain above, Defendant has established that Juror 6 was biased and was not rehabilitated by the State. The district court erred when it denied Defendant's motion to strike Juror 6. As a result, Defendant used a preemptory challenge to excuse Juror 6 and subsequently exhausted all of his preemptory challenges before the venire was complete. *See Fuson*, 1987-NMSC-034, ¶¶ 5, 11. Under the circumstances of this case, Defendant is entitled to a new trial.

**III.    CONCLUSION**

{35}    For the reasons stated herein, we conclude that the district court abused its discretion by denying Defendant's motion to strike Juror 6 based on actual bias in favor of law enforcement and that Defendant was prejudiced by the district court's abuse of discretion. As a result, we reverse Defendant's conviction and remand this case for a new trial.

**{36}** **IT IS SO ORDERED.**

_____

**JULIE J. VARGAS, Chief Justice**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Justice**

_____

**C. SHANNON BACON, Justice**

_____

**DAVID K. THOMSON, Justice**

_____

**BRIANA H. ZAMORA, Justice**